**FILED**
**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Augusta, Georgia**
*By jpayton at 10:29 am, Mar 22, 2013*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE: | Chapter 7 Case |
| | Number <u>12-11122</u> |
| STACY C. DAVIS | |
| | |
| Debtor | |

## OPINION AND ORDER

Before this Court is a Motion to Dismiss pursuant to 11 U.S.C. §707(b) filed by the United States Trustee ("UST") seeking dismissal based upon the presumption of abuse under 11 U.S.C. §707(b)(2) or in the alternative, seeking dismissal for bad faith under 11 U.S.C. §707(b)(3).  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2) and the Court has jurisdiction under 28 U.S.C. §1334.  For the following reasons, I find 11 U.S.C. §707(b) applies in cases converted to chapter 7.

## FINDINGS OF FACT

Stacy C. Davis ("Debtor") commenced this case by filing a chapter 13 petition on June 26, 2012.  The Chapter 13 Trustee argued Debtor was ineligible to be a chapter 13 debtor because her non-contingent, liquidated, unsecured debts exceed the chapter 13 debt

limits pursuant to 11 U.S.C. §109(e).[1]     In response, Debtor converted her case to chapter 7.

According to her schedules, Debtor is a physician with income of roughly $200,000.00 per year and a household consisting of three persons (herself and two minor children, ages 6 and 8). As set forth in Debtor's means test, the median income for a family of three in Georgia is $57,470.00. Dckt. No. 49. Debtor's income is well above the median income for a family of her size. Because the presumption of abuse arises, the UST filed a motion to dismiss. In her response to the UST's motion, Debtor argues §707(b) applies only to cases originally commenced under chapter 7 and not to cases that are subsequently converted to chapter 7. Conversely, the UST contends that §707(b) applies to all chapter 7 cases involving individual debtors, not just those originally filed under chapter 7.

---

[1] 11 U.S.C. §109(e) states in pertinent part:

Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $383,175 and noncontingent, liquidated, secured debts of less than $1,149,525 may be a debtor under chapter 13 of this title.

2

## CONCLUSIONS OF LAW

The threshold issue is whether 11 U.S.C. §707(b) applies to cases that are converted to a chapter 7 case. "It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004).

> The plain meaning of legislation should be conclusive, except in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters. In such cases, the intention of the drafters, rather than the strict language, controls.

United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242 (1989)(internal quotation marks and citation omitted).

Section 707(b)(1) of the Bankruptcy Code provides "[a]fter notice and a hearing, the court. . . may dismiss a case filed by an individual debtor under this chapter . . . ." 11 U.S.C. §707(b)(1).[2]  In the present case, Debtor argues the term "filed"

---

[2]  11 U.S.C. §707(b) states in pertinent part:

(b)(1) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of

3

modifies both the phrase "by an individual debtor" and the phrase "under this chapter."  Debtor argues since she did not originally file a chapter 7 case, §707(b) does not apply.  Conversely, the UST construes "filed" as modifying only the phrase "by an individual debtor," and therefore, argues §707(b)(1) applies to all chapter 7 cases involving individuals.

Both Debtor's and the UST's interpretation have been recognized as permissible readings of the statutory language at issue.  Compare Advanced Control Solutions, Inc., v. Justice, 639 F.3d 838, 840 (8th Cir. 2011)("[A]s we have previously indicated, §707(b)(1) applies with equal force to bankruptcy proceedings that commenced under chapter 7 as with those converted from chapter 13."); In re Perfetto, 361 B.R. 27 (Bankr. D. R.I. 2007)(same); In

---

this title, if it finds that the granting of relief would be an abuse of the provisions of this chapter.

(3) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption in paragraph (2)(A)(I) does not arise or is rebutted, the court shall consider--

(A) whether the debtor filed the petition in bad faith; or

(B) the totality of the circumstances (including whether the debtor seeks to reject a personal services contract and the financial need for such rejection as sought by the debtor) of the debtor's financial situation demonstrates abuse. (emphasis added).

4

re Lassiter, 2011 WL 2039363 (Bankr. E.D. Va. May 24, 2011)(same); In re Chapman, 447 B.R. 250 (B.A.P. 8th Cir. 2011)(same); In re Willis, 408 B.R. 803 (Bankr. W.D. Mo. 2009)(same); In re Kellett, 379 B.R. 332 (Bankr. D. Or. 2007)(same) with In re Pate, 2012 WL 6737814 (Bankr. S.D. Tex. Dec. 28, 2012)(§707(b) does not apply to converted cases); In re Layton, 480 B.R. 392 (Bankr. M.D. Fla. 2012)(same); In re Dudley, 405 B.R. 790 (Bankr. W.D. Va. 2009)(same); In re Fox, 370 B.R. 639 (Bankr. D.N.J. 2007)(same); In re Miller, 381 B.R. 736 (Bankr. W.D. Ark. 2008)(same).

After considering the matter, I find the plain language of the statute comports with the UST's interpretation.

"It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme." Davis v. Michigan Dept. of Treasury, 489 U.S. 803, 809 (1989).  First, the effect of conversion pursuant to 11 U.S.C §348(a) supports the UST's interpretation.  A voluntary bankruptcy case is commenced by the filing of a petition.  11 U.S.C. §301(a).[3]  Commencement of a

_____

[3] 11 U.S.C. §301 states in pertinent part:

(a) A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter.

bankruptcy case constitutes an order for relief.  11 U.S.C. §301(b).

Pursuant to 11 U.S.C. §348, conversion of a case "constitutes an

order for relief under the chapter to which the case is converted.

. . ."  11 U.S.C. §348(a).[4]  There is no change in the date of

filing of the petition, commencement of the case, or date of the

order for relief.  Id.  Accordingly, filing is equivalent to

conversion, and "an application of §348(a) of the Bankruptcy Code

mandates that the term 'filed under' incorporates the term

'converted to.'"  Lassiter, 2011 WL 2039363 at *6.  Therefore, a

debtor who converts her chapter 13 case to chapter 7 is deemed to

have filed a chapter 7 case as of the original petition date.  In re

Resendez, 691 F.2d 397, 399 (8th Cir. 1982)("[I]t is also

established that when there is a conversion, the debtors are deemed

to have filed a Chapter 7 case at the time the Chapter 13 case was

filed.");  In re Chapman, 447 B.R. 250, 253 (B.A.P. 8th Cir.

2011)(holding that cases filed under chapter 13 and later converted

to chapter 7, are considered to be "filed under" chapter 7 for the

---

[4] 11 U.S.C. §348(a) states in pertinent part:

(a) Conversion of a case from a case under one chapter of
this title to a case under another chapter of this title
constitutes an order for relief under the chapter to which
the case is converted, but, except as provided in
subsections (b) and (c) of this section, does not effect
a change in the date of the filing of the petition, the
commencement of the case, or the order for relief.

6

purposes of §707(b)(1)); see also, In re Knighton, 355 B.R. 922, 926
(Bankr. M.D. Ga. 2006)("[C]onverting a case from Chapter 13 to
Chapter 7 causes the case to be one that is filed under Chapter 7 on
the same date the Chapter 13 petition was filed.").

In addition, most courts considering the similar phrase
"in a case filed under chapter 7" appearing in §1328(f)(1) have held
this language applies to converted cases as well as cases originally
filed under chapter 7.[5] See In re Finney, 486 B.R. 177 (B.A.P. 9th
Cir. 2013); In re Dalton, 2010 WL 55499 (Bankr. M.D.N.C. Jan. 7,
2010)("under section 348(a), when a debtor converts a chapter 13
case to a chapter 7 case, it 'constitutes an order for relief under'
chapter 7, retroactively effective as of the date of the filing of
the chapter 13 case."); In re Grice, 373 B.R. 886 (Bankr. E.D. Wis.
2007); In re Ybarra, 359 B.R. 702 (Bankr. S.D. Ill. 2007); In re

---

[5] 11 U.S.C. §1328 states in pertinent part:

(f) Notwithstanding subsections (a) and (b), the court
shall not grant a discharge of all debts provided for in
the plan or disallowed under section 502, if the debtor
has received a discharge

(1) in a case filed under chapter 7, 11, or 12 of this
title during the 4-year period preceding the date of the
order for relief under this chapter, or

(2) in a case filed under chapter 13 of this title during
the 2-year period preceding the date of such order.
(emphasis added).

7

<u>Knighton</u>, 355 B.R. 922 (Bankr. M.D. Ga. 2006); <u>In re Grydzuk</u>, 353 B.R. 564 (Bankr. N.D. Ind. 2006); <u>In re Sours</u>, 350 B.R. 261 (Bankr. E.D. Va. 2006); <u>In re Capers</u>, 347 B.R. 169 (Bankr. D.S.C. 2006); <u>but see In re Hamilton</u>, 383 B.R. 469 (Bankr W.D. Ark. 2008)(holding that the two year look-back period applied when the first bankruptcy case was originally filed under chapter 13, even though it was later converted to chapter 7).

As one court considering the §707(b) argument explained,

> The Court is particularly persuaded by the apparently unanimous agreement among courts that, for purposes of 11 U.S.C. §1328(f), the phrase "filing under Chapter 7" encompasses cases converted from Chapter 13 to Chapter 7. Identical words used in different parts of the same statute generally are presumed to have the same meaning. The phrase in §707(b) "filed by and individual debtor under this chapter [Chapter 7]" is not "identical" to the language in §1328(f), but it is sufficiently similar to warrant application of this statutory canon. Moreover, this interpretation of §1328(f) supports what this Court believes to be a more accurate reading of §348(a) and (b).

<u>In re Willis</u>, 408 B.R. 803, 809 (Bankr. W.D. Mo. 2009) (footnote omitted).

Other courts supporting Debtor's interpretation argue that §348(b) supports their interpretations.[6]   However, §348(b) does

---

[6]   11 U.S.C. §348(b) states in pertinent part:

(b) Unless the court for cause orders otherwise, in

AO 72A
(Rev. 8/82)

nothing more than delineate the Code sections where the order for relief refers to the conversion of the case. <u>Willis</u>, 408 B.R. at 809; <u>In re Kerr</u>, 2007 WL 2119291 *3 (Bankr. W.D. Wash. 2007). As the <u>Kerr</u> court explained,

> As this Court reads Section 348, however, the clear intent of the section is to retain the original filing date as the date of the "filing of the petition," "commencement of the case," or "order for relief" except in the circumstances provided for in subsections (b) and (c), where these terms are instead deemed to refer to the conversion date. Because Section 707(b) is not mentioned in either subsection (b) or (c) of Section 348, it follows that the original filing date is retained upon conversion, but the case is otherwise treated as if the debtor had originally filed under the converted chapter.

<u>Kerr</u>, 2007 WL 2119291 at *3. Accordingly, §348(b) simply does not control "whether the phrase 'filed . . . under this chapter' in §707(b) encompasses cases converted to Chapter 7." <u>Willis</u>, 408 B.R. at 809.

Moreover, the UST's interpretation comports with other dismissal statutes in chapters 11, 12, and 13, where respective

---

sections 701(a), 727(a)(10), 727(b), 1102(a), 1110(a)(1), 1121(b), 1121(c), 1141(d)(4), 1201(a), 1221, 1228(a), 1301(a), and 1305(a) of this title, "the order for relief under this chapter" in a chapter to which a case has been converted under section 706, 1112, 1208, or 1307 of this title means the conversion of such case to such chapter.

AO 72A
(Rev. 8/82)

Bankruptcy Code sections 1112, 1208, and 1307 all refer to dismissal of "a case under this chapter." <u>Lassiter</u>, 2011 WL 2039363 at *3-*4. By drafting the phrase "filed by an individual debtor" between "may dismiss a case" and "under this chapter" Congress delineated that §707(b)(1) applies to cases involving individuals – not business entities. "The Court is convinced that the absence of 'filed by an individual debtor' from §§1112(b)(1), 1208(b), and 1307(b) of the Bankruptcy Code demonstrates that Congress intended for those words to have a particular impact in §707(b). <u>Id.</u> at *4. "The Court agrees with the U.S. Trustee that [the] impact is to limit dismissals under 11 U.S.C. §707(b)(1) to cases filed by individual debtors, not to exclude from dismissal cases converted from other chapters." <u>Lassiter</u>, 2011 WL 2039363 at *4.

Moreover, Congress expressly excluded certain cases from the operation of §707(b). <u>See</u> 11 U.S.C. §707(b)(2)(D) (the exclusion for disabled veterans). If Congress had intended to create an exception for converted cases, it could easily have done so with similar language it used in §707(b)(2)(D). <u>Lassiter</u>, 2011 WL 2039363 at *6. The absence of a clearly expressed exception relating to converted cases supports the conclusion that the UST's interpretation is the correct one.

In addition, the UST's interpretation comports with 11

10

U.S.C. §704(b)(1)'s requirement that where a debtor is an individual in a case under chapter 7, the UST must file a statement indicating whether the presumption of abuse arises within 10 days following the chapter 7 meeting of creditors. 11 U.S.C. §704(b)(1). There is no exception for cases converted to chapter 7 from another chapter of the Bankruptcy Code. This is further evidence that Congress did not intend to distinguish between converted cases and those originally filed under chapter 7 for purposes of determining abuse.

Moreover, the language at issue "may dismiss a case filed by an individual debtor under this chapter" has remained unchanged since §707(b) was originally enacted as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984. 6 Collier on Bankruptcy, ¶707.LH (16th ed. rev. 2012). In the years since its original enactment, bankruptcy courts have consistently applied §707(b) to cases that were converted to chapter 7 from other chapters. See In re Morris, 153 B.R. 559, 563-65 (Bankr. D. Or. 1993) (case was dismissed for substantial abuse under §707(b) after it had been converted from chapter 13 to chapter 7); In re Traub, 140 B.R. 286, 291 (Bankr. D.N.M. 1992)(case was dismissed for substantial abuse under §707(b) after it had been converted from chapter 11 to chapter 7); see also In re Hayes, 293 B.R. 420, 424-25 (Bankr. N.D. Ohio 2002) (chapter 13 debtor filed adversary complaint

11

to determine whether a parcel of real property was part of her bankruptcy estate with the stated intention of converting to chapter 7 if it was not estate property; the court applied §707(b) and ruled that a conversion to chapter 7 would result in a dismissal for substantial abuse and that, therefore, the debtor's adversary complaint was moot); In re Boulan, 2000 WL 33712212, *1-*2 (Bankr. D. Idaho 2000)(after several years in chapter 13, the debtors converted to chapter 7; the court ordered the debtors to amend their Schedules I and J and Statement of Financial Affairs to include updated income and expense information, reasoning that the information was necessary to determine whether the case should be dismissed for substantial abuse under §707(b)).

Given this caselaw and the apparent lack of controversy on the point, it follows that Congress did not perceive any need to amend the language at issue when Congress passed the BAPCPA amendments to §707(b). See Florida Nat'l Guard v. Fed. Labor Relations Auth., 699 F.2d 1082, 1087 (11th Cir. 1983) ("[C]ongress is deemed to know the executive and judicial gloss given to certain language and thus adopts the existing interpretation unless it affirmatively acts to change the meaning."). "[P]re-BAPCPA bankruptcy practice is telling because 'we will not read the Bankruptcy Code to erode past bankruptcy practice absent a clear

12

indication that Congress intended such a departure.'" <u>Hamilton v.
Lanning</u>, 130 S.Ct. 2464, 2473 (2010); <u>Dewsnup v. Timm</u>, 502 U.S. 410,
419 (1992) ("[W]hen Congress amends the bankruptcy laws, it does not
write 'on a clean slate'."). Thus, applying §707(b) in converted
cases is consistent with pre-BAPCPA practice, and Congress has not
clearly indicated an intent to depart from established precedent.

  Furthermore, the UST's interpretation is consistent with
the purpose of section 707(b). Section 707(b) is intended to curb
Congress' perceived abuse of chapter 7 by debtors and "to limit the
chapter 7 remedy. . . to those debtors who are honest and who need
the remedy to preserve a decent standard of living for themselves
and their dependents." <u>In re Goddard</u>, 323 B.R. 231, 233 (Bankr.
S.D. Ohio 2005) <u>citing</u> S. Rep. No. 65, 98th Cong., 1st Sess. 53, 54
(1983). "By this enactment, persons who have primarily consumer
debts and who have financial resources in excess of their basic
needs would be forced to seek relief under a reorganization chapter
or to otherwise attempt to repay their creditors." <u>Goddard</u>, 323
B.R. at 233-34.

  With the 2005 BAPCPA amendments, Congress lowered the
standard for dismissal of a chapter 7 case from "substantial abuse"
to "abuse" and replaced the former presumption that favored granting
the debtor a discharge with a new presumption: a case now

13

constitutes an "abuse" if a detailed mathematical formula set out in the statute yields a minimum amount of monthly disposable income. See 11 U.S.C. §707(b)(1)-(2)(A). The series of calculations used to determine whether the §707(b)(2) presumption of abuse arises is commonly referred to as the "means test." "Congress designed the means test to measure debtors' disposable income and, in that way, to ensure that they repay creditors the maximum they can afford." Ransom v. FIA Card Servs. N.A., U.S., 131 S.Ct. 716, 725 (2011). This is BAPCPA's "core purpose." Ransom, 131 S.Ct. at 729. Debtor's interpretation of §707(b)(1) – namely, that this statute does not apply to cases converted to chapter 7 from another chapter – removes a whole category of chapter 7 cases from review for possible abuse, contradicts the manifest intent of Congress, and frustrates the purpose of the statute. Debtor's interpretation also exempts converted cases from review pursuant to §707(b)(3) as to whether the case constitutes an abuse under the totality of the circumstances. See 11 U.S.C. §707(b)(3).

Lastly, while the Bankruptcy Rules cannot supercede the plain language of a statute, Bankruptcy Rule 1019 supports the application of §707(b) to cases that have been converted to chapter 7. Bankruptcy Rule 1019(2) provides for a new time period within which interested parties may file motions to dismiss pursuant to

14

§707(b) after a case has been converted to chapter 7. Fed. R. Bankr. P. 1019(2) ("[W]hen a chapter 11, chapter 12, or chapter 13 case has been converted or reconverted to a chapter 7 case . . . a new time period for filing a motion under §707(b) or (c), a claim, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence. . . .").

The courts with a contrary view argue that the UST's interpretation renders the phrase "under this chapter" superfluous, adding nothing substantive to the statute. See In re Layton, 480 B.R. at 395. However, I disagree. The phrase "under this chapter" reiterates congressional intent that the statute applies to a chapter 7 debtor. See In re Justice, 2008 WL 4368668 (W.D. Ark. Sept. 22, 2008 (applying the "last antecedent rule" that a limiting clause or phrase ordinarily is to be read as modifying only the noun or phrase it immediately follows and holding that the word "filed" is modified by "an individual debtor" because applying it to "under this chapter" would "stretch the modifier too far"). Furthermore, "[s]urplusage does not always produce ambiguity and our preference for avoiding surplusage constructions is not absolute." See Lamie, 540 U.S. at 536 (finding that the word "attorney" may be rendered mere surplusage by its interpretation of 11 U.S.C. §330; however,

15

AO 72A
(Rev. 8/82)

the Supreme Court held that preference for avoiding surplusage constructions was not controlling in its analysis). For the reasons discussed herein and given the wide use of this phrase in the Bankruptcy Code, I do not find it to be surplusage sufficient to support a finding that §707(b) does not apply to a case converted to chapter 7.

Furthermore, the Layton court voiced concern that a debtor will be cycled through a perpetual loop of conversions from chapter 13 to chapter 7 and back again if the UST's interpretation prevails. In re Layton, 480 B.R. at 399. However, this concern is better left for Congress to remedy. Furthermore, there are alternatives such as dismissal to end the cycle, voluntary conversion to chapter 11, rebutting of the presumption under §707(b) and also the UST's discretion in bringing his motions in good faith. See In re Kellett, 379 B.R. at 339.

For the foregoing reasons, I find the UST's interpretation is consistent with the plain language of the statute and supported through considerations of 11 U.S.C. §§301, 348(a), 1328(f), pre-BAPCPA practices, the underlying purpose of the statute, and the Federal Rules of Bankruptcy Procedure. For these reasons, it is hereby ORDERED that the provisions of 11 U.S.C. §707(b) apply to cases converted from chapter 13 to chapter 7. With this finding,

16

the parties are ORDERED to conclude all discovery on or prior to May 31, 2013.  The Clerk is directed to set a status conference on the next available chapter 7 day in June.

_Susan D. Barrett_
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this **22ⁿᵈ** day of March 2013.

17